935 F.2d 272
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Francis R. RICHARDSON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 Nos. 90-3412, 90-3414.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 8, 1991.*
Decided June 11, 1991.
 
 Before CUDAHY and COFFEY, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Petitioner-Appellant, Francis R. Richardson, appeals from the district court's denial of his petition filed pursuant to 28 U.S.C. Sec. 2255. We affirm.
 
 
 2
 Richardson pleaded guilty to four counts of interstate transportation of securities obtained by fraud in violation of 18 U.S.C. Sec. 2314, four counts of aiding the preparation of false income tax returns in violation of 26 U.S.C. Sec. 7206(2), and one count of filing a false loan statement with the Small Business Administration in violation of 18 U.S.C. Sec. 1014. Richardson was sentenced to a total of six years in prison on all nine counts. He subsequently filed a motion for reduction of sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure. The district court granted the motion and reduced Richardson's sentence by two years on the basis of his cooperation with the government. Richardson thereafter filed his Sec. 2255 petition in the district court and relief was denied. This appeal followed.
 
 
 3
 On appeal, Richardson raises only one issue. He maintains that the government breached the plea agreement and, thus, he is entitled to have his case remanded for resentencing. Richardson did not file a direct appeal following his guilty plea. As such, he is precluded from raising an issue he could have raised on direct appeal in a Sec. 2255 petition unless he can establish cause and prejudice for the failure. Frank v. United States, 914 F.2d 828 (7th Cir.1990). In this instance, Richardson makes no argument concerning cause and prejudice and none is apparent from the record. We are, therefore, barred from considering the issue presented in this appeal.[1]
 
 
 4
 The decision of the district court denying the petition is hereby
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Even if Richardson had established cause and prejudice for his failure to raise the issue presented, we are unpersuaded by his argument that the government breached the plea agreement. Under the terms of the agreement, all that the government was required to do was to apprise the court of the nature and extent of Richardson's cooperation. It complied with that obligation by informing the court at sentencing that Richardson had met with federal agents and provided them with truthful information. The plea agreement left the decision of whether to recommend a sentence lower than ten years entirely within the discretion of the government; thus, contrary to Richardson's assertion, the government was not required to make such a recommendation. Finally, it seems that any breach which may have occurred at sentencing was remedied when Richardson's sentence was reduced by two years pursuant to a Rule 35 motion on the basis of his cooperation